**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| SMARTREND MANUFACTURING GROUP (SMG), INC.,<br><br>Plaintiff,<br><br>v.<br><br>OPTI-LUXX INC.,<br><br>Defendant. | Case. Nos. 1:21-CV-1009<br>1:22-CV-915<br><br>**JURY TRIAL DEMANDED** |

# FINAL PRETRIAL ORDER

THIS MATTER comes before the Court on October 24, 2023 at the Final Pre-Trial Conference held before Honorable Chief United States District Court Judge Hala Y. Jarbou, pursuant to the Court's Second Amended Case Management Order dated June 22, 2023.

Thomas W. Cunningham, John P. Rondini and Dustin Zak with Brooks Kushman P.C. appeared as counsel for Plaintiff, Smartrend Manufacturing Group (SMG), Inc. ("Plaintiff" or "Smartrend"). Don Darnell with Darnell Law and Joseph P. Carrier with Carrier Blackman, P.C. appeared as counsel for Defendant Opti-Luxx, Inc. ("Defendant" or "Opti-Luxx").

**1. Exhibits**

Plaintiff's preliminary list of trial exhibits is attached here as **Exhibit 1**. Defendant's preliminary list of trial exhibits is attached here as **Exhibit 2**. Exhibits are listed and marked in accordance with the Court's Second Amended Case Management Order. Objections to any listed exhibits are noted on the exhibit lists.

Absent a stipulation between the parties, no exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit. By the completion of the witness's testimony, any party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence by exhibit number. For opening statements, only those exhibits that a party reasonably believes will be admitted into evidence may be shown to the jury. The parties agree to disclose any demonstratives (slide shows) and exhibits to be used in opening statements no later than 6:00 p.m. on the calendar day before trial. Any objections to the demonstratives or identified exhibits shall be provided no later than 8:00 p.m. that same day and the parties shall meet and confer telephonically to attempt to resolve any objections beginning on or before 9:00 p.m. that day. If objections remain unresolved, the parties will raise any outstanding disputes with the Court prior to opening statements.

Exhibits may otherwise not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence. Impeachment evidence must be treated as described above. Once admitted, counsel may publish exhibits to the jury without requesting to do so. Exhibits not objected to will be received into evidence by the operation of this pretrial order without the need for additional foundation testimony, provided they are shown to a witness.

The parties agree that the demonstrative exhibits that the parties intend to use at trial do not need to be included on their respective exhibit lists that are part of this pretrial order.

The parties will provide to each other's counsel of record via email a written list of any exhibits, by exhibit number, for each witness that it intends to call by way of direct examination in advance of their introduction. The parties agree that these disclosures will occur no later than 6:00 p.m. on the calendar day before their introduction (e.g., Sunday for a witness to be called on a Monday). Physical exhibits must be made available for inspection by the same time. Any objections to the identified exhibits shall be provided no later than 8:00 p.m. on the calendar day before the exhibits are proposed to be introduced and the parties shall meet and confer telephonically or in person in an attempt to resolve any objections to the exhibits beginning on or before 9:00 p.m. the day the objections are provided. The parties will continue in good faith to meet and confer regarding exhibits and, if objections remain unresolved, the parties will raise any outstanding disputes with the Court in the morning of the trial day when the exhibits will be introduced.

Legible copies of United States and foreign patents, the file prosecution histories of United States patents, published foreign patent applications, certified translations thereof (if in English or translated into English), and USPTO assignment records may be offered and received in evidence

in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies.

**2. <u>Uncontroverted Facts</u>**

The Parties have agreed that the following may be accepted as established facts:

a. Plaintiff, Smartrend is a Manitoba, Canada corporation, with its principal place of business at 6 – 1249 Clarence Avenue, Winnipeg, Manitoba, Canada R3T 1T4.

b. First Light Safety Products is a division (tradename) of Smartrend, a Canada-based manufacturer of illuminated signage, specifically, illuminated school bus signs and illuminated school bus stop arms.

c. Opti-Luxx is a Michigan corporation with its principal place of business at 3630 Highland Drive, Hudsonville, Michigan 49426. Opti-Luxx is a supplier of LED vehicle lighting.

d. On October 12, 2021, the United States Patent and Trademark Office ("USPTO") issued U.S. Design Patent No. 932,930 (the "D'930 patent"). The application for the D'930 patent was filed on December 20, 2017.

e. The named inventors for the D'930 patent are Kevin Smith and Doug Darvill.

f. On May 31, 2022, the USPTO issued U.S. Patent No. 11,348,491 (the "'491 patent"). The application for the'491 patent was filed on August 5, 2021, is a divisional of an application filed on March 1, 2019, and claims priority to provisional applications filed on November 7, 2018 and March 1, 2018.

g. The named inventors for the '491 patent are Nick Gamble, Michael Yudelevich, David Beernaert and Kevin Smith.

h. Smartrend asserts the following claims of the '491 patent in this action: claims 1-3, 5-7, and 9.

**3. Controverted Facts and Unresolved Issues**

Attached as **Exhibit 3** are Plaintiff's controverted factual issues remaining to be determined and issues of law for the Court's determination. Attached as **Exhibit 4** are Defendant's controverted factual issues remaining to be determined and issues of law for the Court's determination.

**4. Witnesses**

Plaintiff's preliminary list of witnesses who will and may be called at trial is attached here as **Exhibit 5**. Defendant's preliminary list of witnesses who will and may be called at trial is attached here as **Exhibit 6**.

The listing of a witness on a party's witness list (either live or by deposition) does not require the party to call that witness to testify and does not imply or establish that the listing party has the power to compel the live testimony of that witness or make that witness available to the opposing party. Any witness not listed in this Order will be precluded from testifying, absent good cause shown. Fact witnesses (except for designated representatives of the parties) shall be sequestered. Each party reserves the right to call any witness identified by another party, witnesses necessary to authenticate any document, and any witness for rebuttal or impeachment.

The parties agree that, prior to the parties' rebuttal cases, each witness will be called only once, and that each party may go beyond the scope of the direct exam during cross-examination. Thus, for witnesses appearing live at trial, the parties need not call witnesses from the adverse party in their respective cases.

The parties shall provide a list identifying the specific witness that they intend to call on direct (live or by deposition), and the order in which they will be called, by 6:00 p.m. two (2) calendar days before they intend to call those witnesses at trial. (For example, if a party intends

to call a witness on Wednesday, that party shall disclose that witness's name to the opposing party no later than 6:00 p.m. on Monday.) Each party shall identify which witnesses will be called live and which will be offered by deposition. This list shall be updated nightly by 6:00 p.m. so long as the party has remaining witnesses it intends to call on direct for their portion of the case. No deviations from this notice requirement shall be permitted except by agreement of the parties or good cause shown.

**5. Depositions and Other Discovery Documents**

All deposition designations (with objections and counter-designations) and answers to written interrogatories, or portions thereof, that are expected to be offered in evidence by the Plaintiff are attached as **Exhibit 7**. Defendants offer no deposition designations.

This pretrial order contains the maximum universe of deposition designations, counter-designations, and counter-counter designations; none of the foregoing may be supplemented without agreement of the parties or leave of the Court, on good cause shown, although parties may object to deposition designations based on future Court rulings, including the Court's rulings on pending motions in limine. However, the parties anticipate making further edits to delete designations prior to trial.

All irrelevant and redundant material, including colloquy between counsel, objections, and long pauses in questions, will be eliminated when the deposition is read or viewed at trial. The party calling the witness by deposition shall provide the Court with two copies of the transcript of the designations and counter-designations that will be played. An additional copy shall be provided to the court reporter.

The parties shall identify a list of deposition designations to be played or read to the jury by 7:00 p.m. two calendar days before the designations are to be played or read to the jury. Any

objections and counter-designations shall be provided no later than 6:00 p.m. the day before the designations are to be played or read to the jury. Any objections to counter-designations shall be provided no later than 7:00 p.m. the day the counter-designations are provided. The party introducing the deposition testimony shall be responsible for editing the deposition video to include the testimony and any counter-designation testimony and remove any attorney objections/colloquy and provide a final version of the deposition testimony excerpts (testimony clip report) to the other party by 8:00 p.m. the day before it is to be shown to the jury. If the party intends to read the deposition testimony into the record instead of playing the video, the party shall state that in writing by 7:00 p.m. the day before the testimony is to be introduced. The parties shall meet and confer on or before 9:00 p.m. the day before the deposition testimony is to be shown to the jury in an attempt to resolve any objections to the deposition. The parties will continue in good faith to meet and confer regarding the proposed deposition testimony and if objections remain unresolved, the parties will cooperate in seeking to have the Court resolve any disputes prior to presenting the proposed testimony. If a party designates deposition testimony, and the other party counter-designates, then the designations and counter-designations will be read or played together in chronological order.

**6.** **Length of Trial**: Counsel estimate the trial will last approximately 4 full days, allocated as follows: 2 days for plaintiff's case and 2 days for defendant's case.

**7.** **Prospects of Settlement:**

The parties have been through two mediations and believe the prospects of settlement are poor.

Respectfully submitted, this 17th day of October 2023.

By: /s/ Thomas W. Cunningham
Thomas W. Cunningham (P57899)
John P. Rondini (pro hac pending)
Dustin Zak (pro hac pending)
**BROOKS KUSHMAN P.C.**
1000 Town Center, 22nd Floor
Southfield, MI 48075
Telephone: (248) 358-4400
Fax: (248) 358-3351
Email: tcunningham@brookskushman.com

Robert L. Lee
(Georgia Bar No. 443,978)
Emily C. Welch
(Georgia Bar No. 606,071
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree St. NE
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: Bob.Lee@alston.com
Email: Emily.Welch@alston.com

*Attorneys for Plaintiff Smartrend Manufacturing Group (SMG), Inc*

By: /s/ Don Darnell w/permission
Don Darnell P55268
8080 Grand St., Ste. 1A
Dexter, Michigan 48130
734-424-5200
dondarnell@darnell-law.com

Joseph P. Carrier (P45172)
William P. Hurley (P80660)
22960 Venture Drive, Suite 100
Novi, Michigan 48375
(248) 344 4422
cbalaw@gmail.com

*Attorneys for Defendant*

IT IS SO ORDERED.

Dated: October 25, 2023

/s/Hala Y. Jarbou
HALA Y. JARBOU
Chief United States District Judge