UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SMARTREND MANUFACTURING GROUP (SMG), INC., <br><br> Plaintiff, <br><br> v. <br><br> OPTI-LUXX INC., <br><br> Defendant. | Case No. 1:21-cv-1009-HYJ-RSK <br> Case No. 1:22-cv-915-HYJ-RSK <br><br> Hon. Hala Y. Jarbou <br><br> JURY TRIAL DEMANDED |

# EMERGENCY MOTION
## AND BRIEF IN SUPPORT OF TO COMPEL

Plaintiff, Smartrend Manufacturing Group, Inc. ("Smartrend" or "Plaintiff") moves this court to compel Defendant Opti-Luxx, Inc. ("Opti-Luxx" or "Defendant") to produce ***unredacted*** financial documents including invoices for recent sales of the accused products. Defendant produced improperly redacted invoices approximately two weeks before trial and, now only five days before trial, still refuses to provide unredacted copies despite numerous requests from Smartrend.

During discovery, Smartrend requested, and Opti-Luxx produced some financial documents. Opti-Luxx has a duty to supplement its responses to Smartrend's discovery request upon obtaining new information or learning that its response is incomplete or inaccurate. Fed. R. Civ. P. 26(e). Supplementation should be seasonably made and ***with special promptness as trial approaches***. *See e.g., Gonzalez Production Systems, Inc. v. Martinrea Intern., Inc.*, No. 13-cv-

1

11433, 2015 WL 348710, at *3 (E.D. Mich. Jan. 26, 2015); 1993 Committee Notes for Fed. R. Civ. P. 26(e).

Colin Carpenter, Opti-Luxx's sole witness in this trial, on September 20, 2022 indicated that there was an intent to make future sales of the accused products to their customer Blue Bird. Accordingly, Smartrend's counsel repeatedly requested updated financials related to such sales. Opti-Luxx either ignored such requests or agreed to provide such documents but then failed to do so. For example:

- on September 18, 2023, Smartrend requested "updated financials";
- on September 23, 2023, Smartrend again requested "updated financials";
- on October 4, 2023, during a Status Conference before this Court, again requested "updated financials" for the Accused Products; Opti-Luxx agreed to comply by Friday of that week (October 7, 2023) but failed to comply;
- on October 10, 2023, after a meet-and-confer, Opti-Luxx again agreed to provide the "updated financials"; Opti-Luxx again ignored this request; and
- on October 17, 2023, Opti-Luxx again ignored an email request for "updated financials."

(*See* Ex. 1, emails between Cunningham and Darnell at 8-10 and 19-20.)

After additional communications between the parties, on November 1, 2023, Opti-Luxx indicated "[t]here are no changes to Opti-Luxx's financials regarding sales of a lighted bus sign." (Ex. 1 at 12.) Smartrend found this assertion disingenuous. Accordingly, Smartrend challenged Opti-Luxx's false statement by indicating its "not credible given Opti-Luxx's website which has stated, since August: 'The LED Retroreflective Destination Sign will be shipping to customers in September 2023,' 'Currently, you can order the Opti-Luxx Destination Sign as a factory-installed

2

option from Blue Bird', and 'Beginning in October 2023, the LED Destination Sign is available through Navistar Direct Ship with Part Number SO100LI1005, and Blue Bird Direct Ship with Part Number BB10080551-A.'" (Ex. 1 at 11.)

Opti-Luxx then changed its story asserting "Opti-Luxx has not received payment for any lighted school bus signs, so there are no updated financial statements, per se" and finally acknowledged signs were imported. (Ex. 1 at 11.) The following day, on November 2, 2023, Smartrend again objected because Opti-Luxx grounds for not providing updated financials was improper and demanded such documents be produced immediately. (Ex. 1 at 10: clarifying that "[i]n addition to imports, if orders have been taken or any product (even if a sample) has been shipped, we are entitled to, and want any documents related to such infringement -- whether for OEM, dealers, or others.")

Finally, on November 10, 2023, Opti-Luxx provided nine invoices for shipments of the Accused Products to Blue Bird. (Ex. 2.) However, these invoices were improperly and heavily redacted, including redactions of balance amounts, employee names, etc. There is no basis for these redactions. *Cyris Jewels v. Casner*, No. 12-CV-01895 (KAM) (SLT), 2016 WL 2962203, at *4 (E.D.N.Y. May 20, 2016) (citing cases rejecting defendants' requests for redaction of irrelevant text within relevant documents); *see also Toyo Tires & Rubber Co., Ltd v. CIA Wheel Group*, No. SA CV 15-00246-DOC (DFMx), 2016 WL 6246384, at *2 (C.D. Cal. Feb. 23, 2016) (Producing party "may not redact otherwise responsive documents because those documents contain irrelevant material"); *Bonnell v. Carnival Corporation*, No. 13-22265-CIV-WILLAIMS/GOODMAN, 2014 WL 10979823, at *4 (S.D. Fla. Jan. 31, 2014) (Defendant "*cannot* unilaterally redact portions of otherwise discoverable, non-privileged documents based on its own belief that portions of the documents are irrelevant to the claims in this case") (emphasis in the original).

Smartrend promptly notified Opti-Luxx that the redactions were improper because these invoices were delivered to a third-party, Blue Bird, and not privileged. Smartrend further clarified that Opti-Luxx could designate and mark unredacted copies confidential. (Ex. 3, Cunningham emails to Darnell at 2.) Smartrend requested unredacted copies at least *four* times since November 10, 2023. (*Id*. at 1-2.)  Opti-Luxx has ignored such requests and not produced unredacted copies. A call was made on the morning of November 22, 2023 to Opti-Luxx's counsel, requesting a meet-and-confer, it went unreturned.

Opti-Luxx delay is prejudicing and will continue to prejudice Smartrend's trial preparation. Trial is less than a week away. Accordingly, Smartrend files this motion requesting this Court compel Opti-Luxx to produce unredacted copies immediately.

Smartrend and this Court should not have to deal with this issue on the eve of trial before a holiday. Accordingly, Smartrend also seeks sanctions in the amount of $1,250—its cost for bringing this motion.

Respectfully submitted,

Dated:  November 22, 2023

*/s/  Thomas W. Cunningham*
Thomas W. Cunningham (P57899)
John P. Rondini (P72254)
Dustin R. Zak (P83731)
**BROOKS KUSHMAN P.C.**
1000 Town Center, 22nd Floor
Southfield, MI  48075
Telephone: (248) 358-4400
Fax: (248) 358-3351
Email: tcunningham@brookskushman.com
           jrondini@brookskushman.com
           dzak@brookskushman.com

Robert L. Lee
(Georgia Bar No. 443,978)
Emily C. Welch
(Georgia Bar No. 606,071

4

**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree St. NE
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: Bob.Lee@alston.com
Email: Emily.Welch@alston.com

*Attorneys for Plaintiff*
*Smartrend Manufacturing Group (SMG), Inc.*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of L.Civ.R. 7.2(b)(i) of the United States District Court for the Western District of Michigan. The brief contains 843 words, excluding the parts of the brief exempted by L.Civ.R. 7.2(b)(i).

This brief complies with the typeface requirements of the type style requirements of L.Civ.R. 10.1. The brief has been prepared in a proportionally spaced typeface using Microsoft® Word 2010 and Times New Roman typeface, 12-point.

/s/ Thomas W. Cunningham
Thomas W. Cunningham (P57899)
John P. Rondini (P72254)
Kyle G. Konz (P79452)
**BROOKS KUSHMAN P.C.**
1000 Town Center, 22nd Floor
Southfield, MI  48075
Telephone: (248) 358-4400
Fax: (248) 358-3351
Email: tcunningham@brookskushman.com
          jrondini@brookskushman.com
          kkonz@brookskushman.com

Robert L. Lee
(Georgia Bar No. 443,978)
Emily C. Welch
(Georgia Bar No. 606,071
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree St. NE
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: Bob.Lee@alston.com
Email: Emily.Welch@alston.com

*Attorneys for Plaintiff*
*Smartrend Manufacturing Group (SMG), Inc.*